# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

| | |
|---|---|
| STEVEN MARTINEZ,<br><br>      Petitioner,<br><br>v.<br><br>JOE COAKLY, Warden,<br><br>      Respondent. | Civil No.: 2:16-CV-27<br>(Judge Bailey) |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 14, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of sentences imposed by the United States District Court for the Southern District of New York. ECF No. 1 at 2. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

In 1993, Guillermo Gonzalez, a postal worker, was shot and killed during the course of a robbery that occurred in the Bronx, New York. Order Dismissing Petition, ECF No. 16 at 1. In 1996, a federal grand jury in the District Court for the Southern District of New York found Martinez guilty of conspiring to murder and murdering Gonzalez, in violation of 18 U.S.C. §§ 1117, 1114 and 1111, and conspiring to rob and

---

[1] Unless otherwise noted, all ECF references in this section refer to case no. 5:13-CV-356, Middle District of Florida.

1

robbing Gonzalez, in violation of 18 U.S.C. §§ 371 and 2114. See United States v. Gallego, 191 F.3d 156, 160 (2d Cir. 1999); see also United States v. Gallego, 944 F.Supp. 309, 312 (S.D.N.Y. 1996) (order denying motion for a new trial). Petitioner was subsequently sentenced to life imprisonment. ECF No. 16 at 1. On appeal, Petitioner's conviction and sentence was affirmed by the Second Circuit Court of Appeals. See United States v. Gallego, 191 F. 3d 156, 160 (2d Cir. 1999) (opinion by Sotomayor, J.).

In 2001, Martinez filed a motion under 28 U.S.C. § 2255 in the Southern District of New York, which was denied. ECF No. 16 at 2. Ten years later, Martinez filed a Freedom of Information Act (FOIA, 5 U.S.C. § 552) request with the Postal Service demanding Gonzalez' employment records. Id. This effort was made with the hope of demonstrating that Gonzalez was a contract driver and not a direct employee of the Postal Service thereby giving rise to an argument that Gonzalez was not a protected "officer or employee of the United States" within the meaning of 18 U.S.C. § 1114. See Martinez v. U.S. Postal Service, 840 F. Supp. 2d 366, 368 (D. D.C. 2012). The Postal Service contended that it had no record of Gonzalez' employment and that the personnel files of former postal workers "are retired to and then retained at the National Records Center in St. Louis . . . ." Id. There is no evidence that Petitioner made any attempt to retrieve these files from the National Records Center. ECF No. 16 at 2.

Thereafter, Petitioner applied to the Second Circuit Court of Appeals under 28 U.S.C. § 2255(h)(1) for permission to file a second section 2255 petition on the basis of "newly discovered evidence," namely, the Postal Service response to his FOIA request. Id. The Court of Appeals denied such leave and concluded that the lack of a personnel file does not prove that the victim was not a postal employee and, in any event,

Petitioner did not explain why the issue could not have been explored prior to, or during, trial. Id. The Court of Appeals further concluded that Petitioner's assertions did not support his actual innocence argument. Id.

On July 25, 2013, Petitioner filed a petition for a writ of habeas corpus under 18 U.S.C. § 2241 in the United States District Court for the Middle District of Florida and asserted the same unsuccessful claim presented to the Second Circuit as a basis for his request for leave to file a successive petition under § 2255. ECF No. 1. Pursuant to an Order filed on October 28, 2014, the Middle District of Florida dismissed Petitioner's section 2241 petition because he failed to provide additional evidence that was not already presented to the Second Circuit Court of Appeals when it ruled against Petitioner on his section 2255 petition. ECF No. 16 at 3.

Thereafter, on November 17, 2014, Petitioner filed a Notice of Appeal with the Eleventh Circuit Court of Appeals based on the denial of his section 2241 petition. ECF No. 19. On July 14, 2015, the Eleventh Circuit affirmed the dismissal of Petitioner's petition due to a lack of subject matter jurisdiction. USCA Order, ECF No. 24 at 3. The Supreme Court of the United States declined to grant a writ of certiorari in Petitioner's case on December 1, 2015. ECF No. 26. Petitioner has filed this section 2241 on the same grounds as his petition in Florida. ECF No. 1.[2]

### III. CLAIMS OF PETITION

In support of his section 2241 petition before this Court, Petitioner sets for forth the following statement of issues presented:

(1) "Whether as a matter of Statutory interpretation a 'Contract Driver' are part of the Postal Service within the meaning of 18 U.S.C. § 1111 and 18 U.S.C. § 1114?

---
[2] This reference is from Case No. 2:16-CV-27, Northern District of West Virginia.

(2) Whether Mr. Martinez is actually innocent of murder if the alleged victim was not an officer or employee of the postal service?

(3) Whether Title 18 U.S.C. §§ 1111 and 1114 requires that a victim be killed, and in some cases with malice aforethought?

(4) Whether Mr. Martinez is actually innocent of murder if the alleged victim is still alive?"[3]

ECF No. 1-1 at 4. For relief, Petitioner requests that this Court grant his section 2241 petition and reverse, remand, and vacate his conviction. ECF No. 1 at 8.

## IV. **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of

---

[3] The Petitioner does not provide any explanation for this final issue, nor can the Court discern any basis for this issue. However, it would appear that in the § 2241 filed in Florida, the Petitioner asserted that "the Postal Service has concealed that Gonzalez is not really dead, because a commercial 'locate report' provides an address for him." 5:13-cv-356, Southern District of New York, ECF No. 4 at 3.

liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

As an initial matter, the undersigned finds that the petition should be denied. First, the Second Circuit has already ruled against Petitioner on the first two issues for which he seeks relief herein. Furthermore, there is no showing whatsoever that the procedure he correctly pursued under section 2255 was "inadequate or ineffective" to test the legality of his detention. On the contrary, the Second Circuit considered and acted upon his claim and the fact that he was denied relief, does not render the process inadequate or ineffective.

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.  The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective.  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).  A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one.  In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

> The limitation period shall run from the last of:
> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

6

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

It appears that Petitioner is raising the savings clause and claiming the element of actual innocence as to all of the issues raised in his pending petition. However, in order to raise a claim of actual innocence under section 2241, Petitioner must first establish that he is entitled to review under section 2241 by meeting the Jones requirements.[5] Petitioner cannot satisfy the required elements of the saving clause in order to obtain relief pursuant to section 2241. In the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted remain criminal offenses, and therefore, Petitioner cannot satisfy the second element of Jones. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[5] *See* Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 9, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE