# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Elkins

**STEVEN MARTINEZ**,

    Petitioner,

v.                                                                                  **Civil Action No. 2:16-CV-27**
                                                                                        Judge Bailey

**JOE COAKLY**, Warden USP
Hazleton, and **LORETTA LYNCH**,
Attorney General,

    Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on June 9, 2016, wherein he recommends this Court deny and dismiss the petitioner's § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on June 13, 2016. [Doc. 7]. The petitioner filed his Objection on July 1, 2016. [Doc. 8]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## I. BACKGROUND

Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of sentences imposed by the United States District Court for the Southern District of New York. In 1993, Guillermo Gonzalez, a postal worker, was shot and killed during the course of a robbery that occurred in the Bronx, New York. [M.D. Fla. 5:13-CV-356, Doc. 16]. In 1996, a federal jury in the District Court for the Southern District of New York found Martinez guilty of conspiring to murder and murdering Gonzalez, in violation of 18 U.S.C. §§ 1117, 1114 and 1111, and conspiring to rob and robbing Gonzalez, in violation of 18 U.S.C. §§ 371 and 2114. *See* **United States v. Gallego**, 191 F.3d 156, 160 (2d Cir. 1999); *see also* **United States v. Gallego**, 944 F.Supp. 309, 312 (S.D. N.Y. 1996) (order denying motion for a new trial).

Petitioner was subsequently sentenced to life imprisonment [Id.]. On appeal, Petitioner's conviction and sentence was affirmed by the Second Circuit Court of Appeals. *See* **United States v. Gallego**, 191 F. 3d 156, 160 (2d Cir. 1999) (opinion by Sotomayor,

J.). In 2001, Martinez filed a motion under 28 U.S.C. § 2255 in the Southern District of New York, which was denied. [Id.]. Ten years later, Martinez filed a Freedom of Information Act (FOIA, 5 U.S.C. § 552) request with the Postal Service demanding Gonzalez' employment records. [Id.]. This effort was made with the hope of demonstrating that Gonzalez was a contract driver and not a direct employee of the Postal Service thereby giving rise to an argument that Gonzalez was not a protected "officer or employee of the United States" within the meaning of 18 U.S.C. § 1114. See **Martinez v. U.S. Postal Service**, 840 F.Supp.2d 366, 368 (D. D.C. 2012). The Postal Service contended that it had no record of Gonzalez' employment and that the personnel files of former postal workers "are retired to and then retained at the National Records Center in St. Louis . . .." [Id.]. There is no evidence that Petitioner made any attempt to retrieve these files from the National Records Center. [Id.].

Thereafter, Petitioner applied to the Second Circuit Court of Appeals under 28 U.S.C. § 2255(h)(1) for permission to file a second section 2255 petition on the basis of "newly discovered evidence," namely, the Postal Service response to his FOIA request. [Id.]. The Court of Appeals denied such leave and concluded that the lack of a personnel file does not prove that the victim was not a postal employee and, in any event, Petitioner did not explain why the issue could not have been explored prior to, or during, trial. [Id.]. The Court of Appeals further concluded that Petitioner's assertions did not support his actual innocence argument. [Id.].

On July 25, 2013, Petitioner filed a petition for a writ of habeas corpus under 18 U.S.C. § 2241 in the United States District Court for the Middle District of Florida and asserted the same unsuccessful claim presented to the Second Circuit as a basis for his

3

request for leave to file a successive petition under § 2255. [Id.]. Pursuant to an Order filed on October 28, 2014, the Middle District of Florida dismissed Petitioner's section 2241 petition because he failed to provide additional evidence that was not already presented to the Second Circuit Court of Appeals when it ruled against Petitioner on his section 2255 petition. [Id.].

Thereafter, on November 17, 2014, Petitioner filed a Notice of Appeal with the Eleventh Circuit Court of Appeals based on the denial of his section 2241 petition. [Id., Doc. 19]. On July 14, 2015, the Eleventh Circuit affirmed the dismissal of Petitioner's petition due to a lack of subject matter jurisdiction. [Id., Doc. 24]. The Supreme Court of the United States declined to grant a writ of certiorari in Petitioner's case on December 1, 2015. [Id., Doc. 26].

Petitioner has filed this section 2241 on the same grounds as his petition in Florida. [Doc. 1].

## II.  Discussion

This Court agrees with the Magistrate Judge that the petition should be denied. First, the Second Circuit has already ruled against Petitioner on the first two issues for which he seeks relief herein. Furthermore, there is no showing whatsoever that the procedure he pursued under section 2255 was "inadequate or ineffective" to test the legality of his detention. On the contrary, the Second Circuit considered and acted upon his claim and the fact that he was denied relief, does not render the process inadequate or ineffective.

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ

4

of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

(1) at the time of the conviction, the settled law of this Circuit or of the

Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**

(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

It appears that Petitioner is raising the savings clause and claiming the element of actual innocence as to all of the issues raised in his pending petition. However, in order to raise a claim of actual innocence under section 2241, Petitioner must first establish that he is entitled to review under section 2241 by meeting the **Jones** requirements. In **Bousley v. United States**, 523 U.S. 614, 623 (1998), the Supreme Court held that in order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus.

Petitioner cannot satisfy the required elements of the saving clause in order to obtain relief pursuant to section 2241. In the instant case, even if Petitioner satisfied the first and the third elements of **Jones**, the crimes for which Petitioner was convicted remain criminal offenses, and therefore, Petitioner cannot satisfy the second element of **Jones**. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the **Jones** requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241

petition.

In his objections, Petitioner cites **McQuiggin v. Perkins**, 133 S.Ct. 1924 (2013), for the proposition that "a credible showing of innocence may allow Mr. Martinez to pursue his constitutional claims, that he is actually innocent and in custody in violation of the Constitution, . . . on the merits notwithstanding the existence of a procedural bar to relief" [Doc. 8, p.2].

Mr. Martinez' reliance on **McQuiggin** is without merit. As noted by Judge Groh in **Ruff v. Perdue**, 2014 WL 4084326 (N.D. W.Va. August 19, 2014), "In **McQuiggin,** the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of 'actual innocence' under the **Schlup**[1] standard. 133 S.Ct. at 1928. Thus, **McQuiggin** held that a claim of actual innocence can overcome the expiration of the statute of limitations only for an untimely *first* habeas application. 133 S.Ct. at 1928. Key to understanding the holding in **McQuiggin** is that the Supreme Court concluded that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable 'actual innocence' exception for an untimely first-time filer. See *id.* at 1934. Notably for petitioner, the **McQuiggin** Court expressly recognized that Congress, through § 2244(b), had intended to 'modify' and 'constrain[ ]' the 'actual innocence' exception with respect to second or successive petitions. See *id.* at 1933–34. Accordingly, nothing in **McQuiggin** allows petitioner to repeatedly attempt to attack his 924(c) conviction and sentence on the same grounds, through successive § 2244 or § 2255 motions, let alone via a § 2241 motion." **Ruff v.**

---

[1] **Schlup v. Delo**, 513 U.S. 298 (1995).

7

*Perdue*, 2014 WL 4084326, at *5.

### III. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, Petitioner's Motion for Emergency Hearing for Writ of Habeas Corpus, to Review Cause of His Detention, Be Considered Illegal, under 28 U.S.C. § 2241, and That This Court Enter an Order for His Immediate Release on His Own Recognizance **[Doc. 10]** is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 2, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE